USCA1 Opinion

 

 November 17, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT   ____________________ ____________________ No. 94-2294  No. 94-2294  ROBERT E. McCLARY, ROBERT E. McCLARY, Petitoner, Appellant, Petitoner, Appellant, v. v. PETER A. PEPE, JR., ET AL., PETER A. PEPE, JR., ET AL., Respondents, Appellees. Respondents, Appellees. ____________________ ____________________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on November 9, 1995, is The opinion of this Court issued on November 9, 1995, is amended as follows: amended as follows: On page 2, footnote 27 is changed to footnote 1. On page 2, footnote 27 is changed to footnote 1. November 9, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-2294  ROBERT E. McCLARY, Petitoner, Appellant, v. PETER A. PEPE, JR., ET AL., Respondents, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Robert E. McClary on brief pro se. _________________ Scott Harshbarger, Attorney General, and Pamela L. Hunt, __________________ _________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________  Per Curiam. Pro se plaintiff Robert McClary appeals from __________ ___ __ the summary dismissal of his habeas corpus petition. He claims that his conviction for trafficking cocaine is unconstitutional because the prosecutor violated Doyle v. _____ Ohio, 426 U.S. 610 (1976), by improperly cross-examining ____ McClary and commenting on McClary's post-arrest silence in his closing argument. We have thoroughly reviewed the record and the parties' briefs on appeal. We are persuaded that the habeas petition was properly dismissed under Anderson v. Charles, 447 U.S. ________ _______ 404, 408-09 (1981), (per curiam), and Grieco v. Hall, 641 ______ ____ F.2d 1029, 1032-36 (1st Cir. 1981). We note that even if we assumed arguendo that Doyle error is present, habeas relief _____ is not warranted here. The record discloses that the evidence against McClary was strong and that the error could not have had a substantial and injurious effect on the verdict. See Brecht v. Abrahamson, 113 S. Ct. 1711, 1722 ___ ______ __________ (1993). While we need not decide whether the "harmless beyond a reasonable doubt" test of Chapman v. California, 386 _______ __________ U.S. 18, 24 (1967), should be applied to this appeal1, the evidence indicates that any alleged Doyle error was harmless _____ under this test as well. Accordingly, the judgment of the  ____________________ 1. While McClary made this argument below, he has failed to develop it on appeal. Thus, the point has been waived. See ___ United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. ______________ _______ _____ denied, 494 U.S. 1082 (1990). ______ district court is affirmed. ________ -2-